UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

|  |  |
|---|---|
| In re:<br>    CHRISTOPHER S. PADUCH,<br>                            *Debtor* | Case No.: 12-32101 (AMN)<br>Chapter 7<br><br>RE: ECF Nos. 19, 24 |

## MEMORANDUM OF DECISION AND ORDER
## GRANTING DEBTOR'S MOTION TO REOPEN CASE FOR A LIMITED PURPOSE

Before the court is a motion pursuant to 11 U.S.C. § 350(b)[1] filed by the debtor, Christopher Paduch (the "Debtor"), seeking to reopen his closed case so he may: (1) amend his Schedule C (Exemptions) to claim a homestead exemption pursuant to Bankruptcy Code § 522(d)(1); (2) amend his Schedule D (Secured Claims) to list two pre-petition judgment liens (held by the "Two Lien Holders[2]") previously listed on his Schedule F (Unsecured Claims); and (3) file a motion to avoid judicial liens impairing an exemption pursuant to Bankruptcy Code § 522(f). ECF No. 19. In response, the United States Trustee ("UST") filed an 'Amended Statement Concerning Debtor's Motions to Reopen Case, Amend Schedules, and Avoid Judicial Lien Pursuant to § 522(f)' (the "Statement"), primarily arguing the doctrine of laches bars the reopening of this case. ECF No. 24. The Two Lien Holders have not appeared nor objected to the motion to reopen.

After a hearing, the court concludes there is cause to reopen the Debtor's case pursuant to Bankruptcy Code § 350(b), and to the extent the UST's Statement is an objection, it is overruled. ECF Nos. 19, 24.

---

[1] Title 11, United States Code, is the "Bankruptcy Code." Statutory references are to the Bankruptcy Code unless otherwise noted.

[2] The Debtor asserts two pre-petition judicial liens were recorded on his Property, one by Discover Bank and the other by Citibank (South Dakota), N.A. *See*, ECF No. 19.

1

## Nature of the Proceedings

On September 17, 2012, the Debtor commenced this bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Petition Date"). ECF No. 1. The Debtor listed the Two Lien Holders on Schedule F (Unsecured Claims) as holding unsecured, non-priority claims, but failed to list them on Schedule D as secured creditors. ECF No. 1, p. 25-26. Prior to closure of the case, no order was sought addressing the secured status of the Two Lien Holders' judgment liens. By operation of law, the judgment liens passed unaffected through the Chapter 7 bankruptcy process. *See*, 4 *Collier on Bankruptcy* ¶ 506.06 (16th). On Schedule C, the Debtor claimed a homestead exemption in the amount of $0 in property located at 5 Schulman Veselak Road, East Haddam, Connecticut (the "Property"), pursuant to Bankruptcy Code § 522(d)(1). ECF No. 1, p. 14.

Thereafter, Chapter 7 Trustee Kara Rescia indicated she had fully administered the case and there were no assets to distribute to creditors. *See,* docket entry dated October 29, 2012. The Debtor received a Chapter 7 discharge on January 5, 2013, and the Clerk's Office subsequently closed the case. ECF No. 17.

Now, after more than eight (8) years, the Debtor seeks to reopen the case to file amended schedules asserting a homestead exemption in an amount greater than $0 and recognizing the secured status of the judicial liens. The Debtor admits the final objective is to file a motion seeking to avoid the Two Lien Holders' judicial liens on the Property. ECF No. 19. Of course, on the Petition Date, the Debtor held the right to assert a homestead exemption in the Property in an amount greater than $0, and, he could have filed a motion to avoid the Two Lienholders' judicial liens at any time prior to the closure of the case. The UST's Statement suggests that reopening should be barred because

2

the doctrine of laches may apply and the Debtor has failed to meet the standard for a post-closure amendment of bankruptcy schedules.  ECF No. 24.

Because the case is presently closed the only actionable motion now pending is the motion to reopen.[3]  D.Conn.Bankr.L.R. 5010-1(b)("[a]ny substantive motion filed with the Motion to Reopen may not be acted upon unless and until the Motion to Reopen is granted.  If the substantive motion is a Contested Matter in accordance with Local Rule 9014-1, the substantive motion shall not be acted on, and a Notice of Contested Matter Bar Date shall not be served, unless and until the Motion to Reopen is granted.").  This decision affects only the motion to reopen and does not address the substance of Debtor's § 522(f) motion nor any future amendment to Schedules C and D.

### The Standard for Reopening a Closed Bankruptcy Case

Once a bankruptcy case has been closed pursuant to § 350(a), the court may reopen the case in order "to administer assets, to accord relief to the debtor, or for other cause," pursuant to § 350(b).  11 U.S.C. § 350(b); *see also,* Fed.R.Bankr.P. 5010 ("A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Bankruptcy Code.").  "The reopening of a case is merely a ministerial or mechanical act which allows the court file to be retrieved ... to enable the court to receive a new request for relief; the reopening, by itself, has no independent legal significance and determines nothing with respect to the merits of any requested order."  *In re Levy*, 2018 WL 1579888, 2 (Bankr. D. Conn. Mar. 29, 2018) (*quoting, In re Suplinskas*, 252 B.R. 293, 294–95 (Bankr. D. Conn. 2000)).

---

[3]    *See*, D.Conn.Bankr.L.R. 5010-1(b)("[a]ny substantive motion filed with the Motion to Reopen may not be acted upon unless and until the Motion to Reopen is granted.  If the substantive motion is a Contested Matter in accordance with Local Rule 9014-1, the substantive motion shall not be acted on, and a Notice of Contested Matter Bar Date shall not be served, unless and until the Motion to Reopen is granted.").

The permissive language of Bankruptcy Code § 350(b) provides the court with broad discretion to determine whether a movant has demonstrated "good cause" to reopen a case. *In re Velez,* 604 B.R. 438, 443 (Bankr. S.D.N.Y. 2019). While the Code does not define what constitutes "cause" under § 350(b), courts have found that "cause to reopen a bankruptcy case includes the need to amend schedules to add assets or creditors." *In re Stein,* 394 B.R. 13, 15 (Bankr. E.D.N.Y. 2008). The moving party carries the burden in establishing cause to reopen. *In re Arana,* 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011), *appeal dismissed,* 2012 WL 3307357, 2012 U.S. Dist. LEXIS 113133 (E.D.N.Y. Aug. 12, 2012). In deciding whether cause exists, the court may consider equitable considerations and the facts surrounding the case. *In re Plusfunds Group, Inc.,* 589 F. App'x 41, 42 (2d Cir. 2015)(noting a decision to reopen a case "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case.")(summary order). A debtor's good faith may be a significant consideration. *In re Koch,* 229 B.R. 78, 87-88 (Bankr. E.D.N.Y. 1999)(observing "[t]he lack of the element of good faith suggests an all too casual disregard for the disclosure requirements of this Court, and the fair and equitable treatment of [the debtor's] creditors as called for by the Bankruptcy Code, since they did not benefit from the reopening.").

The bankruptcy court should only reopen a case when "relief may ultimately be afforded to a party," not when it would be "futile or a waste of judicial resources." *In re Galloway-O'Connor*, 539 B.R. 404, 407 (Bankr. E.D.N.Y. 2015)(*quoting, In re Mohammed*, 536 B.R. 351, 355 (Bankr. E.D.N.Y. 2015)). If the court determines cause exists to reopen the case, a trustee is not appointed, "unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure

sufficient administration of the case." Fed.R.Bankr.P. 5010. Here, the appointment of a trustee may be necessary and will be required.

### The Equitable Doctrine of Laches

Neither § 350(b) nor its procedural counterpart, Fed.R.Bankr.P. 5010, prescribe a period by which a motion to reopen must be brought. *See*, 3 *Collier on Bankruptcy* ¶ 350.03 (16th). The legislative history of § 350(b) suggests a defense based upon the equitable doctrine of laches may be asserted against a motion to reopen despite not being expressly stated in § 350(b) or the Federal Rules. *See*, *In Matter of Caicedo*, 159 B.R. 104 (Bankr.D.Conn.1993)(*citing*, H.R.Rep. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977), p. 338, U.S. Code Cong. & Admin. News 1978, pp. 5963, 6294.). "[T]he doctrine of laches may bar a debtor from reopening his case if the debtor caused unreasonable delay in asserting his rights, and such delay caused undue prejudice to an adverse party in asserting its right or defense." *In re Sposato*, 16-51463 (JAM), 2018 WL 3104600, at *2 (Bankr. D. Conn. May 4, 2018)(*citing, In re Guicci*, 197 Fed. Appx. 58, 60 (2d Cir. 2006)).

### A Debtor's Right To Amend Schedules After the Case is Closed

Bankruptcy Rule 1009(a) provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." Fed.R.Bankr.P. 1009(a). Even before a case is closed, a debtor's right to amend is not unlimited and an amendment can be denied upon a showing of bad faith by the debtor or prejudice to the creditor. See, In re Wiggs, 610 B.R. 57, 60 (Bankr. D. Conn. 2019). A debtor's right to amend schedules after a case is closed and subsequently reopened is murkier. *See, In re McCowan*, 09-10347-8-SWH, 2018 WL 4078613, at *3 (Bankr. E.D.N.C. Aug. 22, 2018)("Courts are split on how to apply Rule

5

1009(a) to cases that were closed and have been subsequently reopened."). Courts take three approaches to this issue.

One approach – the strictest and apparent minority approach – imposes an absolute bar on certain amendments in reopened cases. *See, In re Coverstone*, 2006 WL 2136032 (Bankr. N.D.Ind. 2006); *In re Bartlett*, 326 B.R. 436 (Bankr. N.D.Ind. 2005)(same).

Another approach, considered the middle approach, applies the standard of excusable neglect found in Rule 9006(b)(1). Courts using the middle approach find the phrase "before the case is closed" renders Rule 1009 inapplicable in reopened cases and excusable neglect standard under Rule 9006(b)(1) to be the appropriate standard for determining whether such amendments should be allowed. *See, In re Sievert*, 17-10960-7, 2021 WL 4994438, at *3 (Bankr. W.D. Wis. Oct. 27, 2021)("This Court is persuaded by the reasoning of the courts that apply the middle approach"); *In re Libbus*, 15-05128-5-DMW, 2018 WL 1470513, at *3 (Bankr. E.D.N.C. Mar. 23, 2018); *In re Moretti*, 260 B.R. 602, 608 (Bankr. App. 1st Cir. 2001)(applying Rule 9006(b)'s excusable neglect standard to amendment of schedules after closure finding Rule 1009(a) inapplicable).

The Court of Appeals for the Second Circuit has not decided the appropriate standard for amending schedules after a case is closed. The UST asserts this middle approach should be applied and cites to *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partn.*, 507 U.S. 380, 383 (1993) for the proposition that a debtor will need to show excusable neglect in order to amend schedules in a reopened case. ECF No. 23, p. 4-5. The *Pioneer* case addressed the required showing to permit a late filed proof of claim under Rules 3003(c) and 9006(b), not the issue here which would be Rule 1009(a) or the amendment of schedules in a reopened case.

A third approach – the broadest approach – applies Rule 1009(a) equally to open or reopened cases. This broad approach was followed by the Bankruptcy Appellate Panel for the Tenth Circuit in *In re Mendoza*, 595 B.R. 849 (Bankr. App. 10th Cir. 2019). In *Mendoza,* the debtors sought to reopen their bankruptcy cases in order to amend their schedules. Following reopening, the Chapter 7 Trustee objected to the debtors' amended schedules. The bankruptcy court sustained the objections on the basis the debtors failed to meet the excusable neglect standard. The debtors appealed. *In re Mendoza*, 595 B.R. 849, 851 (Bankr. App. 10th Cir. 2019).

The *Mendoza* court concluded Rule 9006(b)(1) did not apply to Rule 1009. *In re Mendoza*, 595 B.R. 849 (Bankr. App. 10th Cir. 2019); *see also, In re Goswami*, 304 B.R. 386, 393 (Bankr. App. 9th Cir. 2003)("there is no difference between an open case and a reopened case, and [a debtor in a reopened case does] not need the court's permission to amend."). The *Mendoza* court found there was no difference between an open case and a reopened case, stating:

> Since the reopening of a case is purely administrative, we cannot read Rule 1009(a)'s language to impose a substantive limitation on the debtors' ability to amend their schedules as a matter of course. A reopening renders a case open. Rule 1009(a) contains no distinction between an original case and a case closed and then reopened. Nor does the Rule limit amending schedules to any time prior to the first closing of the case.
> *In re Mendoza*, 595 B.R. at 856.

The *Mendoza* court noted that finding Rule 9006(b) inapplicable did not preclude an objection to a future claim of exemptions on the merits or prevent a court from denying an exemption should an objector meet its burden to demonstrate the exemption was not properly claimed. *In re Mendoza*, 595 B.R. at 857.

One bankruptcy court within the Second Circuit agreed with the broad approach finding Rule 9006(b) inapplicable. In *In re Muscato*, the bankruptcy court for the Western

7

District of New York declined to require debtors make a showing of excusable neglect before amending their schedules in a reopened case. *In re Muscato*, 582 B.R. 599 (Bankr. W.D.N.Y. 2008)(concluding Rule 9006(b) – addressing acts to be done at or within a specified period – was inapplicable because the Federal Rules of Bankruptcy Procedure do not require schedules to be amended within a specific period).

Once Schedule C has been filed, or, in the case of amended schedules, filed and properly served, "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed.R.Bankr.P. 4003(b)(1). The party objecting to a debtor's claimed exemption "has the burden of proving that [an exemption is] not properly claimed." Fed.R.Bankr.P. 4003(c). "When a debtor claims an exemption pursuant to section 522(b), '[u]nless a party in interest objects, the property claimed as exempt ... is exempt." *In re Martin*, 18-31636 (AMN), 2019 WL 3543778, at *7 (Bankr. D. Conn. Aug. 2, 2019), *aff'd*, *In re Martin*, 3:20-CV-939 (SRU), 2021 WL 1670292, at *5 (D. Conn. Apr. 27, 2021).

## Discussion

Notwithstanding the passage of eight (8) years, the court declines the UST's invitation to apply the doctrine of laches to bar the reopening of this Debtor's case under the circumstances present here. Importantly, the Two Lienholders – who would arguably be most affected by a post-closure assertion of an exemption and the avoidance of their judicial liens – have not appeared nor objected to the request to reopen. It remains to be seen whether the Two Lien Holders will contest the Debtor's to be filed amended Schedule C claiming a homestead exemption in an amount greater than $0.00 or any § 522(f) relief. The UST admits it is unaware of whether any prejudice exists and the court

declines in the absence of a showing of either unreasonable delay or undue prejudice to deny the Debtor's requested relief.

Here, the Debtor seeks to reopen his case for the purpose of seeking relief under Bankruptcy Code § 522(f), having previously disclosed the Property as an asset and asserted an exemption in the Property for the amount of $0.  Because Bankruptcy Code § 522(f) does not include a time limitation for seeking relief, a debtor may seek to avoid a lien that on the petition date impaired an exemption at any time, even after the closure of the case.  However, before filing a motion for § 522(f) relief, the Debtor may need to amend Schedule C (Exemptions) and perhaps other schedules to establish a basis for the § 522(f) relief he seeks.  Whether he will be successful remains to be seen, and the Two Lienholders, the United States Trustee and other parties in interest may oppose any amendment of the bankruptcy schedules in due course.  If the Debtor amends his schedules after the case is reopened, then a new objection deadline would be set pursuant to Fed.R.Bankr.P. 4003(b)(1), providing an opportunity to object to the Debtor's claim of exemption to the Two Liens Holders and other parties in interest. *See*, 4 *Collier on Bankruptcy* ¶ 522.05 (16th).  Additionally, because the Debtor's § 522(f) motion was filed at a time the case was closed, the motion is not ripe for substantive consideration. *See*, D.Conn.Bankr.L.R. 5010-1(b). If, and when, the Debtor asks the court to consider any § 522(f) relief, he must comply with the rules for contested matters. *See*, Fed.R.Bankr.P. 9014, D.Conn.Bankr.L.R. 5010-1(b), 9014-1.

Because the debtor seeks reopening, "to administer assets, to accord relief to the debtor, or for other cause," and because it is not clear at this time that the debtor's quest is futile, the motion to reopen the case will be granted.  11 U.S.C. § 350(b).

Accordingly, it is hereby

9

**ORDERED:** That, the Debtor's case is reopened; and it is further

**ORDERED:** The United States Trustee shall appoint a Chapter 7 Trustee for the purpose of considering any amended Schedule C, filing any appropriate objection, and, for any other appropriate purpose; and it is

**ORDERED**: That, on April 13, 2022, at 11:00 a.m., a status conference shall be held on this case.

Dated this 14th day of February, 2022, at New Haven, Connecticut.

*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut