**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re: :<br>    CHRISTOPHER S. PADUCH, :<br>            *Debtor* :<br>: | Case No.: 12-32101 (AMN)<br>Chapter 7<br><br>Re: ECF No. 31 |

# MEMORANDUM OF DECISION AND ORDER DENYING DEBTOR'S MOTION TO SUBSTITUTE PROPER PARTY PURSUANT TO FED.R.CIV.P. 25

The court previously entered a Memorandum of Decision and Order Granting debtor Christopher S. Paduch's ("Debtor") Motion to Reopen his closed Chapter 7 bankruptcy case for the limited purpose of allowing him to amend his bankruptcy schedules and to file a Bankruptcy Code § 522(f) motion. ECF No. 27. However, such amendments never occurred due to the Debtor's unexpected death. Consequently, Debtor's attorney, Charles A. Eggert, Jr., filed a 'Notice of the Debtor's Death and Motion to Substitute Proper Party' pursuant to Fed.R.Civ.P. 25. ECF No. 31.

Attorney Eggert, Jr., seeks to substitute Jill Peterson, Administratrix of the Probate Estate of the Debtor, as the debtor in this Chapter 7 case pursuant to Fed.R.Civ.P. 25. The court notes that substituting a party in a bankruptcy case may have very different consequences than a substitution in a civil case under Fed.R.Civ.P. 25. Notably, by substituting the Administratrix's name in the caption of the bankruptcy case may cause confusion and unintended consequences, including that creditors or parties in interest of the Debtor's bankruptcy estate (or, a credit bureau) may believe that Jill Peterson is a bankruptcy debtor.

Bankruptcy Rule 7025, incorporating Civil Rule 25, is made applicable only in adversary proceedings and proceedings relating to a contested petition or proceedings to vacate an order for relief. *See*, 10 Collier on Bankruptcy P 7025.01 (*Richard Levin & Henry J. Sommer eds.*, 16th ed. 2021). In this regard, particular note should be taken of Bankruptcy Rule 1016. Rule 1016 states: "Death … of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered, and the case concluded in the same manner, so far as possible, as though the death … had not occurred."  Fed.R.Bankr.P. 1016; *See*, 10 Collier on Bankruptcy P 7025.01 (16th ed. 2021).

Although a Chapter 7 case can proceed notwithstanding the death of the debtor, the procedure that must be followed is unclear -- especially when the death takes place after the reopening of a closed case for the limited purpose of allowing a debtor to file amendments to his schedules and § 522(f) motion. *Collier* suggests that a Chapter 7 bankruptcy case should proceed despite the death of the debtor with appropriate adjustments made for matters that are affected by the death of the debtor. *See*, 10 Collier on Bankruptcy P 7025.01 (16th ed. 2021).

Some courts have ruled that if a person wishes to appear on the debtor's behalf, that person must have the legal authority to do so—for example, as personal representative of the debtor's estate. *See*, 9 Collier on Bankruptcy P 1016.02 (16th ed. 2021*); In re Pack*, 634 B.R. 738, 739 (E.D. Mich. 2021); *In re Cherry*, 2013 WL 1352294, *3 (Bankr. D.D.C Apr. 3, 2013); *In re Lucio*, 251 B.R. 705, 709 (W.D. Tex. 2000) (holding that "a personal representative of the decedent's estate is the person authorized to appear on behalf of the "debtor" at the first meeting of creditors, and

satisfies the statutory requirements of section 343 much the same as an officer or director of a corporate entity that files bankruptcy.").

Here, this case is not an adversary proceeding nor a proceeding relating to a contested petition. As such, Fed.R.Civ.P. 25 is inapplicable. While the court concludes that substitution pursuant to Fed.R.Civ.P. 25 is inappropriate in this case, it is appropriate for Jill Peterson, as Administratrix of the Estate of the Debtor, to file her appearance so that the interest of the Debtor can be properly safeguarded, especially since the court recently allowed the Debtor to reopen his closed Chapter 7 case for the limited purpose of filing amendments to his bankruptcy schedules and to file a § 522(f) motion.

Accordingly, it is hereby

**ORDERED:** That, Debtor's motion to substitute proper party, ECF No. 31, is DENIED; and it is further

**ORDERED:** On or before April 8, 2022, counsel for Jill Peterson, as Administratrix of the Estate of the Debtor, shall file any notice of appearance in this case; and it is further

**ORDERED:** If such an appearance is filed, then on or before May 2, 2022, the Administratrix shall file any amendment(s) to Debtor's bankruptcy schedules; and it is further

**ORDERED:** The status conference scheduled for April 13, 2022 , at 11:00 a.m., will proceed via the ZoomGov video conference platform.

Dated this 29th day of March, 2022, at New Haven, Connecticut.



*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut